UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Cynthia Diane Gade Grant,<br><br>    Petitioner,<br><br>vs.<br><br>David John Grant; and<br>John and/or Jane Does,<br><br>    Respondents. | C/A No. 8:06-926-CMC-BHH<br><br>Report and Recommendation |

The petitioner, proceeding *pro se*, files a Petition For Writ of Mandamus seeking dismissal of a Family Court proceeding in the State of South Carolina. The petition is filed pursuant to 28 U.S.C. § 1915, without payment of the filing fee. The petition should be dismissed for lack of jurisdiction and failure to state a claim on which relief may be granted.

### *Pro Se* and *In Forma Pauperis* Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition herein pursuant to the procedural provisions of 28 U.S.C. § 1915. This review has been conducted in light of the following precedents: Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Estelle v. Gamble, 429 U.S. 97 (1976); Haines v. Kerner, 404 U.S. 519 (1972); and Gordon v. Leeke, 574 F.2d 1147 (4th Cir.), *cert. denied*, 439 U.S. 970 (1978).

The pleading herein has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without paying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to

state a claim on which relief may be granted" or is "frivolous or malicious." § 1915(e)(2)(B)(i), (ii).  A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." Denton v. Hernandez, 504 U.S. 25, 31 (1992). Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*.  Neitzke v. Williams, 490 U.S. 319 (1989); Allison v. Kyle, 66 F.3d 71 (5th Cir. 1995).

This Court is required to liberally construe *pro se* documents, Estelle v. Gamble, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, Hughes v. Rowe, 449 U.S. 9 (1980) (*per curiam*).  Even under this less stringent standard, however, the *pro se* petition is subject to summary dismissal.  The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for her, Small v. Endicott, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985), *cert. denied*, 475 U.S. 1088 (1986).

## Discussion

The pleading in this case is titled "Petition For Writ of Mandamus," and requests "Case No. 14700 in the Aiken County Family Court for the State of South Carolina must be dismissed with prejudice."  Petition at 9.  The petition also claims "deprivation of

2

federally protected rights Title 42 USC 1983, 1981, 1985, 1988, Title 18[1] USC 241, 242, 1512, for injunctive, declaratory and any other relief as the court shall determine reasonable, lawful and just." [errors in original] Petition at 1, 9.  Also, the caption of the petition refers to the petitioner as the "Defendant/Appellant" and the introduction refers to the "Presiding Justices and Associate Justices" of this Court, indicating a possible intent to appeal a State court decision. Petition at 1.  The petition states "the Defendant asserts the issues before this court are: a) Substantial Due Process violation and other Constitutional Rights held inviolate b) Defiance of the "Rule of Law" and c) The practice by state courts of "law by ignorance." Petition at 2.

### A.  Mandamus

This Court cannot issue a writ of mandamus in this case.  "The authority of federal courts to issue extraordinary writs derives from the 'all writs statute,' 28 U.S.C. § 1651." Gurley v. Superior Court of Mecklenburg County, 411 F.2d 586, 587 (4th Cir. 1969). Section 1651 provides, in pertinent part, that the federal courts "may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law."  28 U.S.C. § 1651(a).  Under the "all writs statute," the writ of mandamus is "confined exclusively to those cases in which it may be necessary to the exercise of their jurisdiction."[2]  McIntire v. Wood, 11 U.S. (7 Cranch) 504, 506

---

[1] Title 18 of the United States Code involves crimes and criminal procedure. "No citizen has an enforceable right to institute a criminal prosecution." Lopez v. Robinson, 914 F.2d 486, 494 (4th Cir. 1990) (citing Linda R. v. Richard V., 410 U.S. 614, 619 (1973) ("In American jurisprudence at least, a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another.")).

[2] The federal courts in the District of Columbia, which derived their power to issue writs from the common law of the State of Maryland, were the sole exception.  Stafford v.

3

(1813)(addressing a predecessor statute). The petition contains no facts that establish the need for this Court to issue an extraordinary writ to aid in the exercise of jurisdiction. The Supreme Court further noted, "[w]hen questions arise under those laws in the State Courts, . . . an appeal is given to the Supreme Court[.]" Id. In Graham v. Norton, 82 U.S. (15 Wall.) 427 (1872), the Court states "[t]his express authority to issue writs of mandamus to National courts and officers has always been held to exclude authority to issue these writs to State courts and officers."  Graham v. Norton, 82 U.S. at 428.  *See also* Gurley v. Superior Court of Mecklenburg County, 411 F.2d 586, 587 (4th Cir. 1969); Robins v. California Bd. of Prison Terms, 997 F. Supp. 1303, 1308 (C.D. Cal. 1998) ("[F]ederal courts are without power to issue writs of mandamus to direct state agencies in the performance of their duties.") (listing cases). Similarly, 28 U.S.C. § 1361, enacted in 1962, allows for a mandamus action, but only to "compel an officer or employee of the United States or any agency thereof to perform a duty owed." Section 1361 explicitly states that it only extends to federal officers or employees, so it is not available to compel action by a State court or official. The federal courts are precluded from directing a writ toward a State court, so the petitioner requests relief that cannot be granted. The petition for a writ of mandamus should be dismissed.

## B.  Civil Rights

In as much as the petition seeks relief pursuant to civil rights statutes 42 U.S.C. §§

---

Briggs, 444 U.S. 527, 534 (1980). Although this holding still stands, federal mandamus jurisdiction has been judicially extended to encompass situations "'where an injunction is proper in order to protect or effectuate the judgments of a federal court,'" United States v. Cohen, 152 F.3d 321, 325 (4th Cir. 1998) (quoting Ward v. Pennsylvania New York Cent. Transp. Co., 456 F.2d 1046, 1048 (2d Cir. 1972)) – a situation not applicable here.

4

1983, 1981, 1985 and 1988, the petition fails to state a claim on which relief may be granted. The petitioner demands this Court dismiss a Family Court case pending in a State court and require "stipulations," including monetary relief, enumerated by the petitioner. Petition at 9. Any civil rights claims based on the pending Family Court case, are subject to dismissal under the "domestic relations exception" to federal jurisdiction. In federal jurisprudence, the "domestic relations exception" recognizes that "'[t]he whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the States and not to the laws of the United States.'" Ankenbrandt v. Richards, 504 U.S. 689, 703 (1992) (quoting In re Burrus, 136 U.S. 586, 593-94 (1890)). Dismissal of a pending Family Court case is subject to State jurisdiction and not federal jurisdiction.

The petitioner's claim that the failure to respond to documents filed in the pending State court proceedings somehow violates the petitioner's due process rights, and defeats the Family Court's jurisdiction by placing the Family Court proceedings in "default" fails to state a claim. None of the factual allegations of the petition establish a claim for violation of due process. Considerations of comity also preclude this Court from granting the requested relief. See Younger v. Harris, 401 U.S. 37, 44 (1971) (federal district court should not interfere in ongoing proceedings in a State court). Abstention is appropriate if "(1) there are ongoing state judicial proceedings; (2) the proceedings implicate important state interests; and (3) there is an adequate opportunity to raise federal claims in the state proceedings." Martin Marietta Corp. v. Maryland Comm'n on Human Relations, 38 F.3d 1392, 1396 (4th Cir. 1994). The petition acknowledges the "[t]hese matters do in fact regard actions in a 'family court' and are, at this time, subject to State jurisdiction." Petition at 2. The ongoing proceedings in the Family Court implicate domestic relations issues

5

which "belong[] to the laws of the States and not to the laws of the United States.'" Ankenbrandt v. Richards, *supra*. Not only should this Court abstain from interfering, but this Court does not have authority to dismiss legal actions pending in a State court, as requested by the pleadings, and so, the relief requested cannot be granted. Accordingly, the petition fails to state a claim on which relief may be granted for violation of civil rights and should be dismissed.

### C. Appeal

In as much as the petition attempts to appeal from a State court proceeding, this Court does not have jurisdiction. This Court is not an appellate court of the State of South Carolina, but is a United States District Court in the federal judicial system. Jurisdiction to review State court decisions lies exclusively with superior State courts, and ultimately, the United States Supreme Court pursuant to 28 U.S.C. § 1257. The petitioner may not use a civil rights action to challenge the determinations or rulings of the Aiken County Family Court. *See* Anderson v. Colorado, 793 F.2d 262, 263 (10th Cir. 1986)("[I]t is well settled that federal district courts are without authority to review state court judgments where the relief sought is in the nature of appellate review."). In Brinkmann v. Johnston, 793 F.2d 111, 113 (5th Cir. 1986), a *pro se* plaintiff brought a § 1983 action against his ex-wife, her attorney, and the judge who presided over their divorce action, and the United States Court of Appeals for the Fifth Circuit held that characterization of a suit as a civil rights action is ineffective to defeat the well-settled rule that litigants may not obtain review of State court actions by filing complaints in lower federal courts "cast in the form" of civil rights suits.[3]

---

[3] In Brinkmann v. Johnston, 793 F.2d at 113, the Court also stated that principles barring review by federal district courts of State court decisions are not limited to § 1983

6

*See also* Wise v. Bravo, 666 F.2d 1328, 1333 (10th Cir. 1981); and Gurley v. Superior Court of Mecklenburg County, 411 F.2d 586, 587-588 & nn. 2-4 (4th Cir. 1969)(holding that federal district courts and United States Courts of Appeals have no appellate or supervisory authority over State courts). In as much as the pleading is an attempt to appeal a State court decision it must be dismissed.

### Recommendation

Accordingly, it is recommended that the District Court dismiss the petition in the above-captioned case *without prejudice* and without issuance and service of process. *See* 28 U.S.C. § 1915; United Mine Workers v. Gibbs, 383 U.S. 715 (1966); *see also* Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972). Petitioner's attention is directed to the important notice on the next page.

Respectfully submitted,

S/Bruce H. Hendricks
United States Magistrate Judge

March 29, 2006
Greenville, South Carolina

---

civil rights actions which "candidly seek review" of the State court decree, but extend to other actions where constitutional claims are inextricably intertwined with the State court's grant or denial of relief.

## Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"
## &
## The *Serious Consequences* of a Failure to Do So

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of service. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. *See* Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410 (D.S.C. 1993).

During the period for filing objections, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.** *See* Keeler v. Pea, 782 F. Supp. 42, 43-44 (D.S.C. 1992); and Oliverson v. West Valley City, 875 F. Supp. 1465, 1467 (D.Utah 1995). Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. *See* United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509 (6th Cir. 1991). *See also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard, *supra*, the Court stated that general, non-specific objections are *not* sufficient:

> **A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.**

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> **Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.**

*See also* Branch v. Martin, 886 F.2d 1043, 1046 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). **This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections.** *See* Wright v. Collins, *supra*; and Small v. Secretary of HHS, 892 F.2d 15, 16 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

**Larry W. Propes, Clerk
United States District Court
P. O. Box 10768
Greenville, South Carolina 29603**